IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WALTER JASON PURKHISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-062 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| c/o Anna Ruth Purkhiser; | ) | |
| MATT D. WAGNER; JAMES WESTON; | ) | |
| ALISHA WATON; and | ) | |
| PEGGY I. SHAMP, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, an inmate at Sheridan Federal Correctional Institution in Sheridan, Oregon, is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Upon initial screening, the Court directed Plaintiff to file an amended complaint because he had not submitted his claims on the standard complaint form used in the Southern District of Georgia by incarcerated litigants and therefore had not provided the information this District requires. (See doc. no. 7, p. 3.) Moreover, the jurisdictional basis for Plaintiff's claims was not clear. (Id.) Upon review of the amended pleading, (doc. no. 8), and Plaintiff's prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice.

I.   BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (U.S. 2020) ("The point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits."). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's

2

right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection.  Rivera, 144 F.3d at 721-27.

To that end, the "Complaint for Violation of Civil Rights (Prisoner Complaint)" requires that prisoner plaintiffs disclose:  (1) whether they have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have filed other lawsuits in state or federal court otherwise relating to the conditions of their imprisonment, and (3) the disposition of any such lawsuits.  (Doc. no. 8, pp. 9-10.)  The questions concerning prior lawsuits require the prisoner plaintiff to describe each such lawsuit, including the court hearing the case, and the date of filing and disposition.  (Id.)  If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.  (Id.)

## II.     DISCUSSION

### A.     The Case Should Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

Here, as certified pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed one state court case dealing with the same facts involved in this action, (id. at 9):  his pending divorce from Anna Ruth Purkhiser.  Purkhiser v. Purkhiser, 2020RCD00512 (Richmond Cnty. Super. Ct. May 19, 2020).  However, the Court is aware Plaintiff previously filed two other cases in federal court dealing with the facts of his current incarceration and his wife's alleged role in the charges brought against him:  Purkhiser v. Purkhiser, CV 119-183 (S.D. Ga. Oct. 22, 2019) and Purkhiser v. Purkhiser, CV 119-214 (S.D. Ga. Dec. 16, 2019).  In both prior cases, as in this case, Plaintiff complains his wife falsely accused him of sexual assault while she was a soldier at Fort Gordon Military Installation in Augusta, Georgia.  Plaintiff repeatedly

seeks monetary damages from his wife and seeks to have criminal charges brought against her for the harm her "lies" have caused him.

Court records show Plaintiff was indicted on September 10, 2018, on two counts of assault within the maritime and territorial jurisdiction based on the allegations made by his wife.[1] United States v. Purkhiser, CR 118-060, doc. no. 5 (S.D. Ga. Sept. 10, 2018). Plaintiff was detained until the charges were resolved when Plaintiff pled guilty to an information charging him with one violation of 18 U.S.C. § 113(a)(4).[2] United States v. Purkhiser, CR 119-134 (S.D. Ga. Oct. 3, 2019). Plaintiff was sentenced to time served and placed on one year of supervised release, and the felony charges from CR 118-060 were dismissed. Id., doc. no. 9. Chief United States District Judge J. Randal Hall revoked Plaintiff's supervised release and sentenced him to twelve months in prison after a hearing on December 3, 2020, which resulted in findings Plaintiff had violated five conditions of his release. Id., doc. nos. 14, 28-31.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

---

[1] United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records . . . .").

[2] In pleading guilty, Plaintiff agreed to the accuracy of the following facts: "On or about August 11, 2018, in the Southern District of Georgia, at a place within the special maritime and territorial jurisdiction of the United States, namely Fort Gordon Military Installation, [Plaintiff] did assault A.P., by wounding A.P." United States v. Purkhiser, CR 119-134, doc. no. 7, pp. 1-2.

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). As discussed above, Plaintiff's failure to disclose his prior federal lawsuits was blatantly dishonest. Moreover, the instant case is duplicative of the two previously dismissed cases Plaintiff failed to disclose. Despite naming as Defendants additional persons associated with his criminal proceedings,

5

this case raises issues directly related - if not identical - to the prior cases, and the duplicative case "is therefore properly dismissed without prejudice as malicious under the PLRA." Daker v. Ward, -F.3d-, No. 17-13384, 2021 WL 2324538, at *6 (11th Cir. June 7, 2021) (footnote omitted). Accordingly, this case should be dismissed without prejudice as a sanction for Plaintiff's dishonesty and malicious filing.

### B. The Case Should Also Be Dismissed Because It Fails to State a Claim Upon Which Relief Can Be Granted

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not

6

require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. The amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim for Relief

Even if the case were not due to be dismissed based on Plaintiff's dishonesty and malicious filing, it is due to be dismissed because the relief Plaintiff seeks is not available in these proceedings. At bottom, Plaintiff seeks to overturn his conviction and supervised release revocation, as well as have criminal charges brought against his wife, and perhaps, a host of other persons allegedly involved in perpetrating the "lies" advanced by his wife.[3] However,

---

[3]Plaintiff's amended complaint names family members, a commanding officer of his wife, and the attorney who represented Plaintiff in his criminal proceedings. (See doc. no. 8.) He also filed a document titled "Habeas Corus" in which he repeats the allegations that he has been falsely imprisoned based on his wife's "lies" and asks that an arrest warrant be issued for his wife. (Doc. no. 9.) To the extent that filing was construed as a motion for habeas corpus relief, it should be **DENIED AS MOOT**. If Plaintiff seeks to challenge his federal conviction, he must file a separate challenge to his conviction in accordance with the appropriate federal habeas corpus rules.

7

in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held, "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence" has been reversed, expunged, declared invalid, or called into question by the issuance of a federal writ of habeas corpus.[4] Id. at 486-87. The Heck "favorable termination" rule has been applied to complaints alleging problems with revocation proceedings such as those alleged by Plaintiff. See Reilly v. Herrera, 622 F. App'x 832, 834-35 (11th Cir. 2015) (*per curiam*) (affirming *sua sponte* dismissal of § 1983 complaint brought against probation officers and others alleging conspiracy to fabricate violation of conditions of supervised release because if true, "then the arrest would be unlawful and the revocation itself would be invalid"); Cobb v. Florida, 293 F. App'x 708, 709 (11th Cir. 2008) (*per curiam*) (holding district court correctly dismissed §1983 complaint where necessary implication of granting relief would be finding revocation of probation invalid). Were Plaintiff's claims resolved in his favor, the outcome would inevitably undermine Plaintiff's current incarceration, placing the claims "squarely in the purview of Heck." Reilly, 622 F. App'x at 835.

Moreover, as a private citizen, Plaintiff may not force prosecutors to bring criminal charges against his wife. See Leeke v. Timmerman, 454 U.S. 83, 86-87 (1981) ("a private

---

[4]That Plaintiff claims jurisdiction pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics, 403 U.S. 388 (1971), makes no difference to the analysis. "[C]ourts generally apply § 1983 law to Bivens cases." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (*per curiam*).

citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); Otero v. United States Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (same) (quoting Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Capogrosso v. Supreme Ct. of N.J., 588 F.3d 180, 184 (3d Cir. 2009) ("[I]ndividual citizens do not have a constitutional right to the prosecution of alleged criminals."); Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state government officials, criminally prosecuted).

Indeed, the decision whether to ultimately prosecute a criminal case is a matter entirely in the local prosecutor's discretion. See, e.g., Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); see also Dixon v. Green Tree Servicing, LLC, Case No. 19-80022-CIV-MARRA/ MATTHEWMAN, 2019 WL 2866495, at *7 (S.D. Fla. July 3, 2019) (recognizing claim by private citizens for violation of Uniform Code of Military Justice not actionable); O'Neal v. United States, Case No. 5:19-cv-00090-LCB, 2019 WL 330140, at *1 (N.D. Ala. Jan. 25, 2019) ("federal courts have no authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions"); Wise v. Heddell, Civ. Act. No. 5:09-cv-127 (CAR), 2010 WL 2688730, at *5 (M.D. Ga. July 1, 2010) (explaining constitutional separation of powers does not allow for court interference with discretionary powers of executive branch control over criminal prosecutions).

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the "motion" for "Habeas Corus" be **DENIED AS MOOT**, (doc. no. 9), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 28th day of June, 2021, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA